UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DWIGHT NEAL, )
 )
 Petitioner, )
 )
 v. ) Case No. 3:17-CV-721-JD-MGG
 )
SUPERINTENDENT, )
 )
 Respondent. )

OPINION AND ORDER

Dwight Neal, a *pro se* prisoner, filed an amended habeas petition pursuant to 28 U.S.C. § 2254 challenging a state conviction. ECF 13. The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, Neal was found guilty of burglary in St. Joseph Superior Court. ECF 13 at 1, 2. On February 23, 2012, he was sentenced to 12 years in prison. *Id.* He did not pursue a direct appeal. *Id.* In May 2016, he filed a state post-conviction petition. *Id.* at 2. His petition was denied in March 2017. *Id.* He did not pursue an appeal to the Indiana Court of Appeals or the Indiana Supreme Court. *Id.*; https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik1qYzNNVEF3ORFMk1qRXdPamt4TWpjE1qUXlZVE09In19 (last visited January 25, 2018).

In September 2017, Neal tendered his original federal petition for filing. ECF 2 at 15. This petition was denied, and on January 23, 2018, he tendered this amended petition for filing. ECF 13. He raises one claim: a claim of ineffective assistance of trial counsel in connection with his sentencing. *Id.* at 3, 4; ECF 13-1.

Neal's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Upon review, Neal's claims do not implicate a newly recognized constitutional right or newly discovered facts, nor does he claim that a state-created impediment prevented him from filing on time. As recounted above, Neal did not pursue a direct appeal, and so his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for filing an appeal expired on March 26, 2012. *See* IND. APP. R. 9(A) (appeal must be filed with the Indiana Court of Appeals within 30 days of trial court's judgment); *Gonzalez v. Thayer*, 132 S. Ct. 641, 653-54 (2012) (when a state prisoner does not complete all levels of direct review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). Thus, the first day of the 1-year period of limitation began on March 27, 2012. It expired a year later on March 27, 2013. Neal filed a post-conviction relief petition in May 2016. Had he filed that petition on or before March 27, 2013, it would have tolled the 1-year period of limitation. *See* 28 U.S.C. § 2244(d)(2). However, once the deadline expired, filing the post-conviction relief petition did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

When asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), Neal states:

> This Petition was not procedurally filed due to cause and prejudice on behalf of trial counsel for failing to present the issue at hand to the state courts. However petitioner has been diligent in filing this petition

>immediately after discovering that a petition for writ of habeas corpus was available.

ECF 13 at 6.

It appears Neal may be attempting to invoke principles of equitable tolling. Equitable tolling is an extraordinary remedy that is "rarely granted." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). A habeas petitioner is entitled to equitable tolling of the deadline only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).The petitioner bears the burden of establishing that equitable tolling is warranted. *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008). Under certain circumstances, "egregious" misconduct by an attorney can warrant equitable tolling. *Holland*, 560 U.S. at 651. However, "garden variety" attorney negligence or ineptitude does not satisfy this standard. *Id.*

Here, even if Neal could establish that his attorney engaged in egregious misconduct by not filing a direct appeal, the federal deadline did not lapse because Neal failed to file a direct appeal. Instead, as recounted above, the federal deadline elapsed in March 2013, long after Neal was represented by trial counsel. He provides no explanation for the 4-year gap between the date his conviction became final and the date he filed his state post-conviction petition. Accordingly, he has not demonstrated that he has been pursuing his rights diligently, or that some extraordinary

circumstances stood in his way and prevented timely filing. *Holland*, 560 U.S. at 649. His petition is untimely and must be dismissed.

Even if Neal could overcome the timeliness problem, it is apparent that his claims are procedurally defaulted. Before considering the merits of a claim, the court must ensure that the petitioner exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Interests of comity require that the state courts be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review, including with the state court of last resort. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

Here, Neal did not pursue a direct appeal, nor did he pursue an appeal in the post-conviction proceedings. ECF 13 at 1, 2. The time for doing so has long since passed under state law. IND. APP. R. 9(A). Indeed, Neal acknowledges in his petition that he did

not present his claim to the Indiana Supreme Court. *Id.* Consequently, the procedural default doctrine precludes him from raising those claims here.

Although unclear, Neal may be trying to argue that error by his trial counsel should excuse his procedural default. Attorney error rising to the level of ineffective assistance of counsel can constitute cause to set aside a procedural default. *Coleman*, 501 U.S. at 753-54; *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). However, the exhaustion doctrine requires that an ineffective assistance claim be presented to the state court as an independent claim before it may be used to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). If the ineffective assistance claim was itself not properly exhausted in state court, "the petitioner will be fully defaulted." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002). While Neal asserts that he raised an ineffective assistance claim in his state post-conviction petition, it is clear that he did not exhaust such a claim in one complete round of state review, since he did not pursue an appeal after his post-conviction petition was denied. Neal is thus "fully defaulted." *Id.* at 767.

Neal also appears to argue that his default should be excused because he did not know until recently that he was able to pursue federal habeas relief. ECF 13 at 6. However, routine matters such as a petitioner's *pro se* status or lack of knowledge of the law do not establish cause to excuse a procedural default. *Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010); *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003). Accordingly,

even if the petition had been timely filed, the court could not reach Neal's claims on the merits. For these reasons, the petition must be dismissed with prejudice.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As is fully explained above, Neal's petition was late by several years. Even if he could overcome this barrier, his claims are procedurally defaulted and cannot be reviewed on the merits. Nothing before the court suggests that jurists of reason could debate the correctness of this ruling or find a reason to encourage Neal to proceed further. Accordingly, the court declines to issue Neal a certificate of appealability.

As a final matter, Neal filed two motions that need to be addressed. First, he filed a motion asking the court to indicate on the docket that the filing fee has been paid. ECF 11. This is unnecessary. The docket already reflects that Neal has paid the filing fee. ECF 7. Second, Neal filed a motion seeking the court to order the Warden to respond to his petition. ECF 12. However, because it plainly appears from the petition that Neal is not entitled to relief, there is no need for the Warden to file any response. See RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

For these reasons, the court:

(1) DISMISSES WITH PREJUDICE the amended petition (ECF 13) pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES;

(2) DENIES the petitioner a certificate of appealability;

(3) DENIES the motion (ECF 11) for the court to enter the filing fee onto the record;

(4) DENIES the motion (ECF 12) seeking the Warden to file a response to the petition; and

(5) DIRECTS the clerk to close this case.

SO ORDERED on January 29, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT